United States Bankruptcy Court
Eastern District of Michigan
Southern Division

In re:
J & J Video, LLC d/b/a Videos and More,                              Case No.  08-56835-R
                              Debtor.                                           Chapter 7
_____/

Warren Investment, Inc.,
                              Plaintiff,

v.                                                                                    Adv. No.  10-7092

General Casualty of Wisconsin and
Fred Dery, Trustee,
                              Defendants.
_____/

**Opinion Granting Defendant's Motion to Dismiss and
Denying Plaintiff's Motion to Amend**

I.

The debtor, J & J Video, operated a video rental business in a building owned by Warren

Investment, Inc.  The debtor filed for chapter 7 relief on July 14, 2008, and Fred Dery was appointed

the chapter 7 trustee.  On December 28, 2008, Warren Investment discovered that the pipes in the

building had frozen and burst, causing water damage to the premises.  Warren Investment submitted

a claim to its insurance company, General Casualty of Wisconsin.  General Casualty denied the

claim because the premises had been vacant for more than 60 days.

On October 1, 2010, Warren Investment filed this complaint against General Casualty and

Fred Dery, in his personal capacity.  In Count I, Warren Investment alleges that Dery was negligent

for failing to winterize the property.  In Count II, Warren Investment alleges that Dery breached the

lease.  Counts III and IV relate to claims against General Casualty.  Warren Investment seeks to

amend the complaint to add a count for gross negligence against Dery.

Dery has filed a motion to dismiss. He contends that Warren Investment is precluded from filing a complaint against him in his individual capacity and can only assert a complaint against him in his official capacity. Dery further contends that the motion to amend to assert a claim for gross negligence should be denied as futile because a personal claim against Dery must allege a willful and deliberate violation of his duties.

Warren Investment argues that ordinary negligence subjects Dery to personal liability. Warren Investment contends that the Sixth Circuit case Dery relies on has not been followed by other circuits.

In support of its motion to amend to add a claim for gross negligence, Warren Investment contends that Dery had knowledge of the situation and could have taken precautions to prevent the water damage. Warren Investment argues that Dery's failure to act demonstrates a reckless lack of concern for whether injury resulted.

II.

In *Ford Motor Credit Co. v. Weaver*, 680 F.2d 451 (6th Cir. 1982), the court stated:

> A trustee in bankruptcy may be liable for violations of his fiduciary duties. A trustee in bankruptcy can be liable in his official capacity or individually. A bankruptcy trustee is liable in his official capacity for acts of negligence. The applicable standard is the exercise of due care, diligence and skill both as to affirmative and negative duties. The measure of care, diligence and skill required of a trustee is that of an ordinarily prudent man in the conduct of his private affairs under similar circumstances and with a similar object in view. Mistakes in judgment cannot be the basis of a trustee's liability in his official capacity. The failure to meet the standard of care, however, subjects the trustee to liability in his official capacity. A bankruptcy trustee is liable personally only for acts willfully and deliberately in violation of his fiduciary duties.

2

*Id.* at 461-62 (citations omitted).

Warren Investment contends that the *Weaver* case is not well reasoned. Regardless, this Court is bound by the decisions of the Sixth Circuit. Accordingly, Dery can only be liable in his personal capacity for willful and deliberate acts.

In Michigan, the elements necessary to prove gross negligence are:

> (1) Knowledge of a situation requiring the exercise of ordinary care and diligence to avert injury to another.
>
> (2) Ability to avoid the resulting harm by ordinary care and diligence in the use of the means at hand.
>
> (3) The omission to use such care and diligence to avert the threatened danger when to the ordinary mind it must be apparent that the result is likely to prove disastrous to another.

*People v. Kosmalski*, 2008 WL 4648801, at \*5 (Mich. App. October 21, 2008) (citing *People v. McCoy*, 566 N.W.2d 667 (Mich. App. 1997)).

Assuming the Court were to permit Warren Investment to amend the complaint to include a count for gross negligence, Dery could not be held personally liable as it would not constitute a willful and deliberate violation of Dery's duties. The amendment therefore must be denied as futile. *See Kottmyer v. Maas*, 436 F.3d 684, 692 (6th Cir. 2006) ("A district court may deny a plaintiff leave to amend his or her complaint . . . when the proposed amendment would be futile."); *see also Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000) (A proposed amendment is futile if the complaint, as amended, would not withstand a Rule 12(b)(6) motion to dismiss for failure to state a claim.).

The Court further concludes that it does not have jurisdiction over the remaining claims asserted against General Casualty of Wisconsin for breach of contract and failure to timely pay on

the policy because they are not related to the bankruptcy case. *See Lindsey v. O'Brien, Tanski, Tanzer & Young Health Care Providers of Conn. (In re Dow Corning Corp*.), 86 F.3d 482, 489 (6th Cir. 1996) (An action is "related to" the bankruptcy proceeding, and thus within the bankruptcy court's "related to" jurisdiction, "if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankruptcy estate.").

Accordingly, the complaint is dismissed.


Not for Publication


**Signed on March 24, 2011**

                                                    **/s/ Steven Rhodes**
                                        **Steven Rhodes**
                                        **United States Bankruptcy Judge**


4